IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ANDRE M. DANSBY, #181727,     )
                                       )
     Plaintiff,              )
                                       )
     v.                      )     CIVIL ACTION NO. 2:13-CV-380-WHA
                                       )             [WO]
                                       )
DR. SIDDIQ,                 )
                                       )
     Defendant.          )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

In this 42 U.S.C. § 1983 action, Andre M. Dansby ["Dansby"], a state inmate,

challenges the adequacy of medical treatment provided to him for an injury to his finger

and hemorrhoids during his incarceration at the Bullock Correctional Facility ["Bullock"].

Dansby names Dr. Tahir Siddiq, the Medical Director at Bullock, as the sole defendant in

this cause of action.

The defendant filed a special report and supporting evidentiary materials addressing

Dansby's claims for relief.  In these documents, Dr. Siddiq asserts that the complaint is due

to be dismissed because Dansby failed to exhaust an administrative remedy available to

him through the prison system's medical care provider, Corizon, Inc., prior to initiation of

this case.  In addition, defendant Siddiq maintains and the evidentiary materials, including

medical records compiled contemporaneously with the treatment provided to Dansby,

indicate that Dansby received appropriate medical treatment during the period of time relevant to the instant complaint.

Pursuant to the orders entered in this case and governing case law, the court deems it appropriate to treat the defendant's report as a motion to dismiss. *Order of July 30, 2013 - Doc. No. 11*; *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) (citations omitted) ("[A]n exhaustion defense - as in [this] case - is not ordinarily the proper subject for a summary judgment; instead, it 'should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment.'"). Thus, this case is now pending on the defendant's motion to dismiss. Upon consideration of this motion and the undisputed evidentiary materials filed in support thereof, the court concludes that the defendant's motion to dismiss is due to be granted.

## II. DISCUSSION

Dansby challenges the constitutionality of medical treatment provided to him for an injury to his left index finger and recurring hemorrhoids. In response to the complaint, the defendant denies Dansby's allegations and likewise maintains that this case is subject to dismissal because Dansby failed to exhaust the administrative remedy provided via the medical care provider prior to filing this complaint as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Federal law directs this court to treat the medical defendant's response as a motion to dismiss for failure to exhaust an administrative remedy and allows the court to look beyond the pleadings to relevant evidentiary materials in

deciding the issue of proper exhaustion.  *Bryant*, 530 F.3d at 1375.

The Prison Litigation Reform Act compels exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies."  *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001).  "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).   Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement.  *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378 (2006).  Moreover, "the PLRA exhaustion requirement requires ***proper exhaustion***."  *Woodford*, 548 U.S. at 93, 126 S.Ct. at 2387 (emphasis added).  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings.... Construing § 1997e(a) to require

proper exhaustion ... fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage."  548 U.S. at 90-91, 93, 126 S.Ct. at 2386-2387.  The Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement ... by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him.  548 U.S. at 83-84, 126 S.Ct. at 2382; *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA).  "The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint." *Smith v. Terry*, 491 F.Appx. 81, 83 (11th Cir. 2012) (per curiam). Even where an inmate litigant "attempt[s] to amend or supplement his original complaint" regarding efforts at subsequent exhaustion, it does "not change the important historical fact:  his administrative remedies were unexhausted when he filed his original complaint. Therefore, he cannot cure the exhaustion defect." *Id*.

The record in this case is undisputed that the health care provider for the Alabama Department of Corrections provides a grievance procedure for inmate complaints related

4

to the provision of medical treatment. *Defendant's Exhibit 1 - Doc. No. 8-1* at 4-6. The evidentiary materials submitted by the defendant further demonstrate that Dansby failed to file the requisite grievance prior to initiation of this federal civil action. *Id.* at 5-6 (citations to medical records omitted) (emphasis in original) ("***Dansby did not submit a single Medical Grievance or Medical Grievance Appeal, contesting or challenging in any way the care provided by the medical staff at Bullock prior to commencing this lawsuit on June 5, 2013***. [Although after filing this case] Dansby submitted a medical grievance reciting almost verbatim, the allegations contained in his Complaint[,] [he] ***did not submit a Medical Grievance Appeal or otherwise contest [the] response [provided to this grievance]***."). Dansby does not dispute his failure to exhaust the administrative remedy available in the prison system prior to filing this case. The court therefore concludes that the claim presented in this cause of action against the defendant is subject to summary dismissal without prejudice as Dansby failed to properly exhaust an administrative remedy available to him which is a precondition to proceeding in this court on such claim. *Ngo*, 548 U.S. at 87-94, 126 S.Ct. at 2384-2388; *Bryant*, 530 F.3d at 1374-1375 (dismissal for failure to exhaust an administrative remedy when the remedy remains available is not an adjudication of the merits and is without prejudice).

## III. CONCLUSION

Accordingly, it is the Recommendation of the Magistrate Judge that:

1. The motion to dismiss filed by the defendant be GRANTED to the extent the

defendant seeks dismissal of this case due to the plaintiff's failure to properly exhaust an administrative remedy prior to filing this case.

2.  This case be DISMISSED without prejudice pursuant to the provisions of 42 U.S.C. § 1997e(a) for the plaintiff's failure to exhaust an administrative remedy.

3.  No costs be taxed herein.

It is further

ORDERED that **on or before Ocotber 29, 2013**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon the grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit

handed down prior to the close of business on September 30, 1981.

Done this 15th day of October, 2013.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE